IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rico Mendoza, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | No. |
| | ) | |
| Thomas Dart, Sheriff of Cook | ) | *(jury demand)* |
| County, and Cook County, Illinois | ) | |
| | ) | |
|     *Defendants*. | ) | |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a), and 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 12133, 29 U.S.C. § 794a(a)(2), and 28 U.S.C. § 1343.

2. Plaintiff Rico Mendoza is a resident of the Northern District of Illinois.

3. Plaintiff is disabled and requires a cane to walk.

4. Defendant Thomas Dart is Sheriff of Cook County; plaintiff sues Dart individually and in his official capacity under 42 U.S.C. § 1983 and in his official capacity under the ADA and Rehabilitation Act.

5. Defendant Dart has received federal funds since at least 2003.

6. Defendant Cook County is jointly responsible for the ADA and Rehabilitation Act violations alleged and is also joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

7. Plaintiff was a detainee at the Cook County Jail from on or about November 15, 2015 until on or about December 3, 2015.

8. In the course of being processed into the Jail in November 2015, medical personnel employed by defendant Cook County examined plaintiff, verified that he required a cane, and ordered that plaintiff be provided a cane and be assigned to a bottom bunk.

9. Defendants provided plaintiff with a cane.

10. On or about November 16, 2015, plaintiff was assigned to a housing unit in Division 8. Plaintiff does not make any complaint about this housing assignment.

11. On or about November 19, 2015, an employee or employees of defendants caused plaintiff to be transferred to a housing unit in Division 2 where he remained until his release on or about December 3, 2015.

12. Plaintiff's housing assignment in Division 2 was on the second floor.

13. While assigned to a housing unit on the second floor, plaintiff was required to ascend and descend flights of stairs several times a day in order to take part in jail programs, including but not limited to obtaining clean clothing.

14. Plaintiff suffered pain because he was forced to use the stairs.

15. As a result of plaintiff's second-floor housing assignment, he was unable to take part in jail programs on the same basis as other detainees and was deprived of rights secured by the ADA and the Rehabilitation Act.

16. By July of 2015, defendant Dart had personal knowledge of the barriers faced by disabled detainees in taking part in jail programs and activities and in avoiding personal injuries while at the Jail.

17. Dart acquired this personal knowledge as the result of his direct, hands-on involvement in the running of the Jail, as well as numerous lawsuits by disabled detainees complaining of inaccessible housing assignments.

18. Dart also acquired the above referred personal knowledge as a result of reports to Dart by the United States Department of Justice about barriers to disabled detainees at the Jail.

19. Notwithstanding this personal knowledge, defendant Dart refused to take action to require that each disabled detainee be held in a housing unit that would accommodate his (or her) needs.

20. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourteenth Amendment to the Constitution of the United States, the ADA, and the Rehabilitation Act.

21. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests that appropriate compensatory damages be awarded against defendant Cook County and appropriate compensatory and punitive damages be awarded against defendant Dart, and that the costs of this action, including fees and costs, be taxed against defendants.

                    /s/ Kenneth N. Flaxman
                          Kenneth N. Flaxman
                          ARDC No. 08830399
                          Joel A. Flaxman
                          200 South Michigan Ave Ste 201
                          Chicago, Illinois 60604
                          (312) 427-3200
                          *Attorneys for Plaintiff*